**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| DERRICK ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:19cv750 |
| v. | ) | |
| | ) | |
| ALICE NEECE MINE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application to Proceed In Forma Pauperis (the "Application")(Docket Entry 1) filed in conjunction with his pro se Complaint (Docket Entry 2). For the reasons that follow, the Court will grant Plaintiff's instant Application for the limited purpose of recommending dismissal of this action under 28 U.S.C. § 1915(e)(2).

**LEGAL STANDARD**

"The federal *in forma pauperis* ['IFP'] statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties

proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing [IFP] d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the IFP statute provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or . . . (ii) fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B). Under the latter provision, the Court must dismiss any complaint that "does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

Alternatively, "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256–57 (some internal quotation marks omitted). In determining frivolousness, the Court may "apply common sense." Nasim, 64 F.3d at 954.

## BACKGROUND

Asserting claims under "42 U.S.C. § 1983" pursuant to "[t]he sixth clause of the First Amendment [to petition the government of a[] redress of grievances], the 14th [A]mendment[,] section [o]ne, [] the 8th [A]mendment, third clause [cruel and unusual punishment],

---

[1] Although the Supreme Court has reiterated that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint).

and the last clause of the [S]ixth [A]mendment . . .," Plaintiff initiated this action against five defendants: (1) "Alice Neece Mine" ("Defendant Mine"); (2) "Peter Bolac" ("Defendant Bolac"); (3) "Joe Cerone" ("Defendant Cerone"); (4) "Brian Oten" ("Defendant Oten"); and (5) "[t]he North Carolina State Bar." (Docket Entry 2 at 1-3 (some brackets in original).) The Complaint states the following as the basis for asserting claims under Section 1983:

> [Plaintiff's c]onstitutional [r]ights were violated, because of the stigma attached to [his] name due to being categorized as a sex offender/child murderer when charges were dismissed. [Plaintiff] was not allowed to have competent legal representation, or petition the government for a redress of grievances when attorney(s) continuously denied [him] representation or intentionally made it w[h]ere [Plaintiff] could not afford [their] representation.[ F]urthermore, every issue [Plaintiff] contacted the [North Carolina S]tate [B]ar abou[]t [ ] w[as] disregarded and resolved in favor of the said attorney. Because of this[, Plaintiff] ha[s] been subjected to homelessness, employment discrimination, slan[]der[, ] libel[,] and [ ] housing discrimination.

(Id. at 4.) The Complaint's "Statement of Claim" states that "there are three separate occasions [that Plaintiff is] making reference to[]" and explains those instances as follows:

> (1) 02/8/2017 [Plaintiff] faxed a[] Grievance to the North Carolina Bar Association regarding the contract [Plaintiff] signed with representatives of the Richardson [L]aw Firm[, p]articularly[] Attorney Kris Reed Pope [file # 17C0127]. . . .
> (2) The district attorney['s] office[,] particularly, Mr. Roger Echols and Mr. Luke Bumm[,] committed what[']s known as legal malpractice and [Plaintiff's] efforts to file a[] grievance f[e]ll short and [he] never heard or was informed r[e]garding the investigation with Mr. Stephen C. [F]reedman.

> (3) Every [a]ttorney[’s] name and address [Plaintiff] got from the attorney referral service f[ell] short in the department of actually hiring an attorney to represent [Plaintiff ] because they either made their prices too high or they had an opinion regarding [Plaintiff’s] actual innocence or guilt.

(Id. at 5.) The Complaint requests “compensat[ion] for [] mental anguish and punitive damages [in] the amount of $250,000.00.” (Id. at 6.) It also incorporates numerous attachments (see id. at 8-80), which include, inter alia, letters and grievance paperwork sent to and from the North Carolina State Bar (id. at 8-11, 19-21, 29-34, 37-39, 46-47, 52-57), state court documents (id. at 12-17, 22-27, 40-45), and various newspaper articles (id. at 58-80).

## DISCUSSION

### I. The North Carolina State Bar

As an initial matter, the North Carolina State Bar does not qualify as a “person” subject to suit under 42 U.S.C. § 1983. In that regard, to state a claim for relief under Section 1983, Plaintiff must assert “that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.” American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999).[2]

---

[2] Specifically, Section 1983 provides, in pertinent part, that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States

(continued...)

Pursuant to statute, the North Carolina State Bar was "created as an agency of the State of North Carolina." N.C. Gen. Stat. § 84-15 (2018); see also Wolfenden v. Long, 5:09CV536, 2010 WL 2998804, at *6 (E.D.N.C. July 26, 2010) (unpublished) (describing "[t]he State Bar [a]s an agency of the State of North Carolina" (citing N.C. Gen. Stat. § 84-15)). "A State is not a person against whom a [Section] 1983 claim for money damages might be asserted. This same rule applies to state agencies and officials acting in their official capacity." Wolfenden, 2010 WL 2998804, at *6 (internal citation omitted) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)). Therefore, the Court should dismiss all claims against the North Carolina State Bar.

**II. Official Capacity Claims**

Next, the Complaint indicates that it asserts official capacity claims against Defendants Mine, Bolac, Cerone, and Oten. (See Docket Entry 2 at 2-3.) Those claims fail for the same reasons that claims fail against the North Carolina State Bar. Although "state officials literally are persons[, ] a suit against a state official in his or her official capacity is not a suit

---

[2](...continued)

> or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (emphasis added).

against the official but rather is a suit against the official's office." Will, 491 U.S. at 71. "Because a state is not a 'person' under [Section] 1983, it follows that state officials acting in their official capacities cannot be sued for damages under the statute." Wells v. Northam, No. 3:18CV00040, 2018 WL 2978026, at *2 (W.D. Va. June 13, 2018) (unpublished) (citing Will, 491 U.S. at 71); accord Wolfenden, 2010 WL 2998804, at *6.

The Complaint states that (i) Defendant Mine serves as "Executive Director," (ii) Defendant Bolac serves as "Assistant [E]xecutive [D]irector," (iii) Defendant Cerone serves as "Director," and (iv) Defendant Oten serves in "Special Programs" (Docket Entry 2 at 2-3.) The Complaint lists each Defendant's address as "217 East Edenton Street, Raleigh, NC 27611" (see id.). Moreover, attached letters from the North Carolina State Bar list "217 East Edenton Street, Raleigh, NC 27611" as the address of the North Carolina State Bar. (See id. at 8, 29, 46, 47.)[3] Therefore, all defendants qualify as state officials and, as such, no claim lies against them under Section 1983 for damages in their official capacities.

[3] In addition, two of the attached letters from the North Carolina State Bar identify Defendant Oten as "Deputy Counsel" and Defendant Bolac as "Trust Account Compliance Counsel." (Docket Entry 2 at 8, 29.)

Accordingly, the Court should dismiss all official capacity damages claims against Defendant Mine, Defendant Bolac, Defendant Cerone, and Defendant Oten.

## III. Individual Capacity Claims (and Official Capacity Claims for Injunctive Relief

Beyond naming them as Defendants, the Complaint does not even so much as mention Defendants Mine, Bolac, Cerone, and Oten. (See id. at 4-7.) Thus, the Complaint fails to establish a Section 1983 claim against Defendant Mine, Defendant Bolac, Defendant Cerone, and Defendant Oten due to the lack of factual matter suggesting that any of those defendants violated Plaintiff's constitutional rights. See American Mfrs., 526 U.S. at 49 (requiring allegations of a "depriv[ation] of a right secured by the Constitution or laws of the United States" to state a Section 1983 claim); see also Jones v. Chandrasuwan, 820 F.3d 685, 691 (4th Cir. 2016) ("Section 1983 is not itself a source of substantive rights, but rather provides a method for vindicating federal constitutional and statutory rights.").

Put another way, nothing in the record indicates in any way that Defendant Mine, Defendant Bolac, Defendant Cerone, and/or Defendant Oten engaged in any violation of Plaintiff's constitutional rights as required to state a plausible Section 1983 claim. See Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by

factual allegations”). The Court should therefore dismiss all individual capacity claims alleged against Defendant Mine, Defendant Bolac, Defendant Cerone, and Defendant Oten, as well as any official capacity claim against them for injunctive relief, for failure to state a claim.

**IV. Frivolousness**

As a final matter, even assuming the Complaint asserted claims against proper defendants, its claims would ultimately fail as frivolous. The Complaint appears to base its allegations that Plaintiff’s “[c]onstitutional [r]ights were violated,” upon assertions that “every issue [that Plaintiff] contacted the [S]tate [B]ar abou[]t . . . w[as] disregarded and resolved in favor of the said attorney.” (Docket Entry 2 at 4.) However, “‘a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.’ This principle applies with equal force to State Bar disciplinary proceedings.” Ladeairous v. Goldsmith, No. 3:13cv673, 2015 WL 1787297, at *4 (E.D. Va. Apr. 15, 2015) (unpublished) (quoting Leeke v. Timmerman, 454 U.S. 83, 85-86 (1981) (internal citations omitted)), aff’d, 610 F. App’x 315 (4th Cir. 2015). The Fourth Circuit has held that “[a plaintiff] lack[s] any constitutional right to require a State Bar to process a grievance or conduct an investigation.” Ross v. Baron, 493 F. App’x 405, 406 (4th Cir. 2012). Further, because the Complaint’s claims “rest upon an indisputably meritless legal theory,”

Ladeairous, 2015 WL 1787297, at *4 (internal quotation marks omitted), and "are without an arguable basis in law," Ross, 493 F. App'x at 406, they fail as frivolous.

**CONCLUSION**

In sum, the North Carolina State Bar does not qualify as a "person" subject to suit under Section 1983, Plaintiff's claims for damages against Defendant Mine, Defendant Bolac, Defendant Cerone, and Defendant Oten in their official capacities constitute claims against the State, not a "person" as required under Section 1983, and Plaintiff has failed to allege a plausible claim for relief against Defendant Mine, Defendant Bolac, Defendant Cerone, and Defendant Oten in their individual capacities, or for purposes of injunctive relief in their official capacities. Even assuming the Complaint asserted claims against proper defendants, it would ultimately fail as frivolous for lack of any constitutional right to require a State Bar to "process a grievance or conduct an investigation," Ross, 493 F. App'x at 406.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), or,

alternatively, be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

/s/ L. Patrick Auld

**L. Patrick Auld**
**United States Magistrate Judge**

December 4, 2019